IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BLACKBURN PRE-OWNED AUTOS, LLC., et al.,

       Plaintiffs,

v.           CIVIL ACTION NO. 2:06-cv-00303

LINDA BLACKBURN,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's motion to remand [Docket 6]. For the reasons explained herein, the court **GRANTS** the motion and **REMANDS** the case to the Circuit Court of Kanawha County, West Virginia.

*I. Background*

Blackburn Pre-Owned Autos, LLC, and Whittaker, LLC (collectively referred to as "original plaintiffs"), brought a Complaint in West Virginia state court against Linda Blackburn for breach of contract, conversion, and fraud stemming from Ms. Blackburn's employment with the original plaintiffs.[1] Each of the original plaintiffs and Ms. Blackburn are residents of West Virginia for jurisdictional purposes.

---

[1] Whittaker, LLC, is the sole member and manager of Blackburn Pre-Owned Autos, LLC. (Compl. ¶ 3.)

Ms. Blackburn answered the Complaint and filed a Counterclaim against the original plaintiffs for breach of contract, conversion, sexual harassment, and battery. Ms. Blackburn also filed a Third-Party Complaint against Jack Whittaker in his individual capacity for what appears to be sexual harassment. She also claims, however, that Mr. Whittaker is liable for the acts alleged in the Counterclaim against the original plaintiffs. For certain, Ms. Blackburn's Third-Party Complaint is not a model of clarity.

Mr. Whittaker then removed Ms. Blackburn's Third-Party Complaint to this court on diversity grounds pursuant to 28 U.S.C. § 1441(a). According to Mr. Whittaker, the Third-Party Complaint may be removed because it "involves an allegation of sexual harassment which is a separate and independent claim or cause of action from the original claim." (Notice of Removal ¶ 5.) Removal, however, not only was improper, but was objectively unreasonable.

## II. Third-Party Removal

"Federal courts . . . possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This court's removal jurisdiction is limited to the extent of its original jurisdiction. *Tennessee v. Union & Planters' Bank*, 152 U.S. 454 (1894). Whether a case is originally brought in federal court or is removed from state court, the basis for federal jurisdiction is the plaintiff's well-pleaded complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Federal jurisdiction clearly is lacking over Ms. Blackburn's Counterclaim against the original plaintiffs. *See Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 828 (2002)

(finding counterclaim insufficient to establish federal jurisdiction).  "[A]llowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as 'a quick rule of thumb' for resolving jurisdictional conflicts." *Id*. at 832 (citing *Franchise Tax Bd.*, 463 U.S. at 11).

Though the Supreme Court nor Fourth Circuit have addressed the propriety of removal by a third-party defendant, another judge of this court considered the issue in *Cross Country Bank v. McGraw*, 321 F. Supp. 2d 816, 820 (S.D. W. Va. 2004).  In *Cross Country Bank*, Judge Chambers "fail[ed] to find a distinction between a counterclaim and a third-party complaint that would enable a cause of action contained in the latter to create federal question jurisdiction." *Cross Country Bank*, 321 F. Supp. 2d at 820.  He explains that holding otherwise would turn the well-pleaded complaint rule on its head.  *See id*. at 820–21 ("[P]ermitting a defendant to create federal subject matter jurisdiction by casting a third-party complaint in terms of a federal cause of action would impermissibly expand the jurisdiction of the federal courts beyond that conferred by Congress.").  I agree with Judge Chambers.

Federal jurisdiction cannot be created by a third-party complaint when no federal jurisdiction exists over the original action.  6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1444.  The great majority of cases to consider this issue have concluded that a third-party defendant is distinct from a "defendant" allowed to remove a case under 28 U.S.C. § 1441(a).  *See First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461–63 (6th Cir. 2002) (summarizing cases).  As Judge Chambers explains in *Cross Country Bank*, district courts in the Fourth Circuit have reached the same conclusion.  *Cross Country Bank*, 321 F. Supp. 2d at 822 (citing *Florence v. AMB Indus.*, 226 F. Supp. 2d 747, 749 (D. Md. 2002), and *Galen-Med, Inc., v.*

*Owens*, 41 F. Supp. 2d 611, 614 (W.D. Va. 1999)). Third-party defendants may not remove a case under § 1441(a).

In response to Ms. Blackburn's motion to remand, Mr. Whittaker's counsel filed an inexplicably short, ten-sentence brief that attempts to undercut the *Cross Country Bank* decision. The brief argues that "*Country Bank* is of questionable precedential value becuase [sic] the court has determined the case is for 'Educational Use Only.'" The *Cross Country Bank* case is a **published** decision of this court that is directly on point. The phrase "For Educational Use Only" is merely a moniker attached by Westlaw to certain printouts from its databases.

Mr. Whittaker's counsel also asserts that the sexual harassment claim in Ms. Blackburn's Third-Party Complaint is "separate and independent" from the claim brought by the original plaintiffs, and thus 28 U.S.C. § 1441(c) warrants retaining jurisdiction. The statute provides, "Whenever a separate and independent claim or cause of action *within the jurisdiction conferred by section 1331* . . . is joined with one or more otherwise non-removable claims or causes or action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c) (emphasis added). This section, however, refers only to separate and independent claims that would be removable if sued upon alone. *Cross Country Bank*, 321 F. Supp. 2d at 822. Because the claim at bar is non-removable due to Mr. Whittaker's status as a third-party defendant, § 1441(c) does not apply. Accordingly, removal was improper.

*III. Amount in Controversy*

Even if removal could properly occur in this situation, remand would still be necessary because of Mr. Whittaker's failure to establish diversity jurisdiction. For the court's diversity jurisdiction to arise, the dispute must exceed $75,000.[2] 28 U.S.C. § 1332 (2000); *see also Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1274 (4th Cir. 1985) (explaining the court must review subject matter jurisdiction *sua sponte* even if the parties believe jurisdiction exists). This court has adopted a preponderance of the evidence standard for making this calculation. *Sayre v. Potts*, 32 F. Supp. 2d 881, 885 (S.D. W. Va. 1999). The removing party bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000 to remove a case to federal court. To determine the amount in controversy, the court will consider the judgment that would be entered if the plaintiff prevailed on every part of the case at the time of removal. *Id.* at 886. The court may examine the entire record, but the face of the complaint is the starting point of the analysis. *Id.* at 887. In this case, Mr. Whittaker attempts only to remove the Third-Party Complaint, which he describes as a sexual harassment claim. He fails to bring forth any evidence showing that Ms. Blackburn's sexual harassment claim is potentially worth more than $75,000. In the Notice of Removal, Mr. Whittaker fails to even mention the amount in controversy. The preponderance of the evidence does not support a finding that the requisite amount in controversy is satisfied. This action does not invoke the court's diversity jurisdiction, which presents an alternative reason for remanding the case.

---

[2] The defendant does not dispute the fact that Mr. Whittaker, who pleads himself as a resident of Virginia, is a diverse party.

### *IV. Attorneys Fees*

The court may award fees and expenses to defend against a baseless removal. The applicable statute provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court recently clarified the standard courts should use in determining whether to award attorneys fees in this situation. *Martin v. Franklin Cap. Corp.*, 126 S. Ct. 704 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 711.

Mr. Whittaker lacked an objectively reasonable basis for removal. As a third-party defendant, he had no right to remove this cause of action; likewise, he failed to assert, at any point, that the requisite amount in controversy was satisfied. Attempting to undermine the value of *Cross Country Bank*, his counsel tried casting the published, on-point decision as an opinion "For Educational Use Only." That argument is frivolous.

Finding removal objectively unreasonable in this case, I **ORDER** Mr. Whittaker to pay the defendant's attorneys fees and expenses for defending removal. I **ORDER** Ms. Blackburn's counsel to file the appropriate documentation to determine the fees and expenses of defending removal.

### *V. Conclusion*

Remand is necessary in this case because Mr. Whittaker, as a third-party defendant, may not remove Ms. Blackburn's responsive pleading against him. Even if a third-party defendant could remove a claim, removal would still be improper in this case because Mr. Whittaker's Notice of

Removal fails to plead that the requisite amount in controversy is satisfied. Because Mr. Whittaker's removal was objectively unreasonable, I also award attorneys' fees and expenses.

Accordingly, I **GRANT** the defendant's motion to remand and **REMAND** the case to the Circuit Court of Kanawha County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      July 5, 2006

                JOSEPH R. GOODWIN
                UNITED STATES DISTRICT JUDGE